U.S. COURTS

MAY 16 2023

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
BRITTNEY CAMPBELL, NORTH CAROLINA STATE BAR NO. 31433
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
6450 N. MINERAL DRIVE SUITE 210
COEUR D'ALENE, ID 83815
TELEPHONE: (208) 667-6568
FACSIMILE: (208) 667-0814

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SUSAN WHITE,<br><br>Defendant. | Case No.   **CR 23-00137N BLW**<br><br>**INDICTMENT**<br><br>18 U.S.C. § 981(a)(1)(A) and (C)<br>18 U.S.C. § 982(a )<br>18 U.S.C. § 1956(h)<br>18 U.S.C. § 1956(a)(1)(B)(i)<br>18 U.S.C. § 1960<br>18 U.S.C. § 2 |

The Grand Jury charges:

## GENERAL ALLEGATIONS

At times relevant to this Indictment:

### Definitions

1.      A "money mule," as used in this Indictment, is a person who transfers illegally acquired money on behalf of, and at the direction of, other individuals. Money mules typically receive compensation for providing their services.

INDICTMENT - 1

2.　　A "recruiter," as used in this Indictment, is someone that recruits another person to become a money mule, manages that money mule, and provides the money mule with directions and instructions.

3.　　A "business email compromise" (BEC), as used in this Indictment, is a type of computer intrusion that occurs when an employee of a company is fooled into interacting with an email message that appears to be, but is not, legitimate. The bogus email usually contains either an attachment or link to a malicious website. Clicking on either will release malicious software (known as "malware") that subsequently infects the employee's email account and/or computer. Frequently, the malware, once executed, can harvest information and give the intruding party access to sensitive company information, such as email correspondence.

4.　　In one common BEC scheme, after gaining access to a company's sensitive information, including email correspondence, an intruder monitors incoming and outgoing email messages to determine when a large financial transaction is scheduled to take place. The intruder sends a phony email to the customer that appears to be coming from the original legitimate company/sender. This "spoofed" email contains instructions for money to be wired to an account controlled by the intruder or the intruder's conspirators that was set up for the purpose of receiving and redirecting funds acquired illegally from the BEC scheme.

5.　　"Account Takeover Fraud" (ATO), as used in this Indictment, occurs when fraudsters obtain confidential information—including, among others, user identifications, passwords, personal identification numbers (PINs), and token codes—and use these online credentials to gain access to a victim's email system or bank account, "taking over" as the victim to make and authorize payments. This is usually facilitated by using social engineering and

INDICTMENT - 2

malware. They use the confidential information to access accounts and transfer money or commit other fraudulent acts.

6.      The term "fraud schemes" refers to the BEC, ATO, and other internet-enabled and check fraud schemes.

7.      The term "fraud proceeds" refers to funds acquired from criminal activity, including the fraud schemes.

### Background

8.      The defendant, SUSAN WHITE, was a resident of the District of Idaho.

9.      WHITE operated as a money mule related to various fraud schemes occurring within the United States. These schemes included, among others, BEC schemes, ATO schemes and other internet-enabled fraud.

10.      SUSAN WHITE also recruited and managed multiple money mules, including close relatives and their friends and acquaintances.

### COUNT ONE
### Money Laundering Conspiracy
### 18 U.S.C. § 1956(h)

11.      Paragraphs One through Ten are incorporated herein.

12.      Beginning in or about November 2017 and continuing through in or around July 2018, in the District of Idaho and elsewhere, the Defendant SUSAN WHITE, and others both known and unknown the Grand Jury, did knowingly combine, conspire, agree, and have a tacit understanding with one another, to commit an offense against the United States in violation of 18 U.S.C. § 1956 as follows:

a. to knowingly conduct and attempt to conduct and aid and abet others to conduct

financial transactions that affected interstate and foreign commerce, which involved the

INDICTMENT - 3

proceeds of specified unlawful activity, that is, Wire Fraud, in violation of 18 U.S.C. § 1343, knowing that said transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and that while conducting such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i);

b. to transport, transmit, and transfer, and attempt to transport, transmit, and transfer, monetary instruments and funds involving the proceeds of specified unlawful activity, that is, Wire Fraud in violation of 18 U.S.C. § 1343, from places in the United States to or through places outside the United States,, knowing that the monetary instruments and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission or transfer was designed in whole or in part to conceal or disguise the nature and source of the proceeds of the unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

## Manner and Means

13.    The defendant, SUSAN WHITE, and others known and unknown to the Grand Jury, were residents of Idaho who served as money mules for conspirators who conducted the fraud schemes targeted at individuals and companies across the United States. To further the objects and goals of the conspiracy and schemes, the conspirators used the following manner and means, among others:

INDICTMENT - 4

14.    At the request of her conspirators, WHITE agreed to use and did use her own bank accounts for the purpose of receiving the fraud proceeds. She further agreed to and did set up other personal and business bank accounts specifically to receive the fraud proceeds.

15.    Pursuant to her conspirators' instructions, WHITE withdrew the fraud proceeds, typically by multiple cash withdrawals, and then wired the funds using money transmitters such as Western Union and Moneygram, as directed by her conspirators, to individuals and accounts located both within the United States and overseas, including West Africa.

16.    WHITE's various bank accounts were repeatedly frozen or closed due to fraudulent activity, so WHITE recruited other money mules, including her family members and their friends, to use their existing accounts and open new bank accounts for the purpose of receiving the fraud proceeds.

17.    WHITE, the money mules, and the other conspirators, known and unknown, communicated with one another through in-person meetings, social media services, text messages and other means to coordinate their activities and work together to launder funds obtained through the fraud schemes.

18.    WHITE retained a portion of the fraud proceeds from the transactions as compensation for her services. Similarly, WHITE instructed the money mules to keep a portion of the fraud proceeds as compensation for their participation in the fraud schemes.

19.    Once the proceeds obtained through the fraud schemes were received into WHITE's and the money mules' accounts held at various financial institutions, the funds were then quickly dispersed through cash withdrawals or by making interstate wire transfers to other bank accounts not associated with the fraud schemes. By doing so, WHITE and her conspirators

INDICTMENT - 5

attempted to conceal and did conceal the source of the funds illegally obtained through the fraud schemes.

All in violation of 18 U.S.C. § 1956(h).

## COUNTS TWO THROUGH FOUR
### Money Laundering—Concealment
### 18 U.S.C § 1956(a)(1)(B)(i)

20.     The grand jury re-alleges and incorporates by reference paragraphs 1-10 and 13-19 as if fully set forth herein.

21.     N.N.S.S. was a title company with multiple locations, including Florida, that served, among other things, as an escrow agent for real estate transactions.

22.     In or around June 2018, Victim-1 entered into a contract to buy real property located in Michigan for the purchase price of $56,385.  Victim-1 agreed to use the seller's title company, N.N.S.S., to handle the settlement of the property.

23.     On or about, July 10, 2018, pursuant to WHITE's instructions, R.T., a money mule recruited by WHITE, opened a bank account at JP Morgan Chase ("Chase") ending in 1531 at a branch location in Idaho.  R.T. provided her account information, including account number, username, and password for online access, to WHITE.

24.     On or about July 16, 2018, Victim-1 received a fraudulent email from an imposter posing as an employee of N.N.S.S. that provided purported wire instructions for the real estate closing that was scheduled on July 20, 2018.  In the email, the imposter advised Victim-1 to wire the funds that day in order to ensure the closing occurred without delays.  The fraudster used an email address that was nearly identical to that of an actual N.N.S.S. employee.

25.     The imposter instructed Victim-1 to wire the purchase amount, $56,385, to the Chase account ending 1531 that R.T. had opened at WHITE's direction.

INDICTMENT - 6

26.    Believing the Chase account ending in 1531 to be N.N.S.S.'s escrow account, on July 18, 2018, Victim-1 caused $56,385 to be wired from her own bank account to R.T.'s Chase account ending 1531. The wire was processed the same day.

27.    Once the wire was processed, on July 18, 2018, pursuant to WHITE's instructions, R.T. withdrew a portion of the fraud proceeds at branch locations in Coeur d'Alene, Idaho and eastern Washington through three over-the-counter cash withdrawals totaling $22,500.

28.    WHITE accompanied R.T. to the banks for the cash withdrawals made on July 18, 2018, and WHITE provided R.T. with instructions about the amount of cash to withdraw at each location.

29.    R.T. kept some of the fraud proceeds and provided the remainder of the funds to WHITE.

## Money Laundering Transactions

30.    On or about the dates listed below, in the District of Idaho and elsewhere, the Defendant SUSAN WHITE, aided and abetted by R.T., did knowingly conduct and attempt to conduct the following financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, Wire Fraud, in violation of 18 U.S.C. § 1343, knowing that such transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented proceeds of some form of unlawful activity:

| Count | Date | Transaction type | Amount | Recipient |
|---|---|---|---|---|
| 2 | 7/18/2018 | Cash withdrawal | $7,500 | R.T. |

INDICTMENT - 7

| 3 | 7/18/2018 | Cash withdrawal | $9,000 | R.T. |
| 4 | 7/18/2018 | Cash withdrawal | $6,000 | R.T |

All in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2.

## COUNT FIVE
### Unlicensed Money Transmitting Business
### 18 U.S.C. § 1960

31.　The grand jury re-alleges and incorporates by reference paragraphs 8, 14-18, and 21-29 as if fully set forth herein.

32.　From at least in or about November 2017 through in or about July 2018, in the District of Idaho and elsewhere, the Defendant, SUSAN WHITE, did knowingly conduct, control, manage, supervise, direct, and own all and part of an unlicensed money transmitting business affecting interstate and foreign commerce while failing to comply with the money transmitting business registration requirements under 31 U.S.C. § 5330 and regulations prescribed thereunder, to wit: the Defendant, SUSAN WHITE, transmitted thousands of dollars by means of transfers, electronic and otherwise, from Idaho, without registering as a money transmitting business under federal law.

All in violation of 18 U.S.C. §§ 1960(b)(1)(B) and 2.

### CRIMINAL FORFEITURE ALLEGATIONS
#### Money Laundering Forfeiture
#### 18 U.S.C. § 981(a)(1)(A) and (C); 18 U.S.C. § 982(a)(1); 28 U.S.C. § 2461(c)

Upon conviction of the offenses alleged in Counts One through Five of this Indictment, the Defendant, SUSAN WHITE, shall forfeit to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C), 18 U.S.C. § 982(a), and 28 U.S.C. § 2461(c), any property, real or personal, involved in such offense (or involved in a transaction or attempted transaction in

INDICTMENT - 8

violation of 18 U.S.C. §§ 1956, 1957, or 1960) or any property traceable to such property or any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses alleged in Counts ONE through FIVE.

1.    Unrecovered Cash Proceeds. The Defendant obtained and controlled unrecovered proceeds of the offense of conviction, or property derived from or traceable to such proceeds, but based upon actions of the Defendant, the property was transferred, diminished, comingled, or is otherwise unavailable. The Defendant obtained and controlled at least $200,000 in unrecovered forfeitable property.

2.    Substitute Assets: If any of the property described above, as a result of any act or omission of the Defendant:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third person;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be subdivided without difficulty;

**INDICTMENT - 9**

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

Dated this 16th day of May, 2018.

A TRUE BILL

/s/ [signature on reverse]

FOREPERSON

JOSHUA D. HURWIT
UNITED STATES ATTORNEY
By:

BRITTNEY CAMPBELL
ASSISTANT UNITED STATES ATTORNEY

INDICTMENT - 10